UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. L. HOWZE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. CV 14-04067 SVW (RAO)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint, all of the other records and files herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court engaged in a *de novo* review of those portions of the Report to which Plaintiff objected. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Report sufficiently addresses the bulk of the arguments raised in Plaintiff's objections. However, one argument warrants further discussion.

　　　　In his objections, Plaintiff attaches for the first time a copy of prison medical staff correspondence dated January 12, 2018, stating that Plaintiff requires "special medical transport needs." *See* Dkt. No. 125, Ex. A. Plaintiff argues that this

medical correspondence establishes that the accommodations that he sought were medically necessary. *See id*. at 1.

A district court generally is not required to consider evidence raised for the first time in an objection to a magistrate judge's recommendation. In declining to consider such evidence, the court actually must exercise its discretion; the court cannot simply adopt the recommendation without explaining that it will not consider a new matter. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

Here, the Court declines to consider the new evidence offered in opposition to the motion to dismiss. Moreover, even if the Court exercised its discretion to consider this new evidence, the Court's conclusions would not change. The medical correspondence submitted by Plaintiff does not establish that the CDCR intentionally discriminated against Plaintiff.

In sum, the arguments raised by Plaintiff in his objections do not alter the Court's conclusion regarding Plaintiff's failure to state a claim of intentional discrimination under the ADA.

Accordingly, IT IS ORDERED that Plaintiff's Third Amended Complaint is DISMISSED with prejudice.

DATED: August 1, 2018

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE